O’Donnell, J.,
dissenting.
{¶ 24} I respectfully dissent.
{¶ 25} While a police officer who is trained, certified by the Ohio Peace Officer Training Academy, and experienced in estimating a vehicle’s speed may, as any other expert witness, offer an opinion of the speed of a moving vehicle during testimony in a court proceeding, I do not agree that such testimony per se is sufficient evidence to support a conviction for speeding. Like any other witness, a police officer’s credibility is to be determined by the jury or other fact-finder. State v. Diar, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 120, quoting State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus (“ ‘[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts’ ”). In fact, jury instructions given regularly by trial judges advise that a jury is privileged to believe all, part, or none of the testimony of any witness. See, e.g., State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, 781 N.E.2d 980, ¶ 120 (citing jury *12 instruction stating that jurors may believe or disbelieve all or any part of the testimony of any witness).
Michelle Banbury, City of Barberton Law Department Assistant Prosecuting Attorney, for appellee.
John Kim, for appellant.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Emily S. Schlesinger, Deputy Solicitor, urging affirmance for amicus curiae, Ohio Attorney General.
{¶ 26} Thus, I would assert that a broad standard as postulated by the majority that a trained, certified, and experienced officer’s estimate of speed is sufficient evidence to support a conviction for speeding eclipses the role of the fact-finder to reject such testimony, and thus such testimony, if found not to be credible, could, in some instances, be insufficient to support a conviction.